<div style="float:right">LABORDE<br>v.<br>NEW ORLEANS.</div>

The action cannot be maintained. The plaintiffs have not, according to their own showing, *been evicted*, and they are precisely in the situation they would have been if final judgment had been rendered in their favor on the appeal. In that event it is clear they would have had no claim against the defendant their warrantor. They are not in any worse condition because the city chose to buy its peace with the plaintiff in that action. The city has, therefore, fulfilled its covenant of warranty in maintaining the plaintiffs in their title and possession to the lot, and under the provisions of the Code the plaintiffs cannot recover damages which, at most, are incidents to the action of warranty for *eviction*. C. C. 2482. The point appears to have been decided in the case of *Melançon's heirs* v. *Duhamel*, 7 L. R. 290, and the principle is the basis of the decisions *Murray* v. *Bacon*, 7 N. S. 271; *George* v. *Roach*, 7 An. 594, and *Pepper* v. *Dunlap*, 5 An. 202. See also *Fletcher's heirs* v. *Cavalier et al.* 10 L. R. 120.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendant, with costs of both courts.

## J. B. ALEXANDER *v.* THOMAS HUNDLEY.

When in a redhibitory action, it was shown that the slave died of a chronic diarrhœa, held that the apparent illness of the slave at the time of the sale, without any declaration by the vendor, of the nature of the illness, did not bring the case within the meaning of Art. 2497 of the Code, as to apparent defects.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Geo. W. Helm*, for plaintiff. *Mott & Fraser*, for defendant and appellant.

BUCHANAN, J. Defendant relies upon the Article 2497 C. C.

" Apparent defects, that is to say, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices."

But the disease of which the slave *Lewis* is proved to have died (chronic diarrhœa), does not come within the definition of apparent defects contained in this Article. The boy was apparently ill at the time of the sale ; but no declaration is proved to have been made by defendant to plaintiff in relation to the nature of the slave's illness which might have exonerated the defendant from liability to restore the price, under Article 2498.

Judgment affirmed, with costs.

## HENRY D. WILLIAMS & Co. *v.* P. A. ROST.

An agent undertaking to insure at a particular place goods bought by him, will be relieved from responsibility towards his principal by notifying him at once of the impossibility of obtaining insurance, upon ascertaining the fact.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Duncan & McConnel*, for plaintiffs. *Moïse & Randolph*, for defendant.

SPOFFORD, J. The plaintiffs, as agents, purchased a flatboat load of corn for

WILLIAMS
*v.*
ROST.

the defendants, and shipped the same from Terre-Haute, Indiana, to defendant's plantation above New Orleans. The flatboat struck a snag in the Wabash river, about seventy-five miles below Terre-Haute, and sunk. There was almost a total loss of the cargo.

The plaintiffs having paid for the corn, sued the defendant for the price, the cost of loading, and their commissions. He resists payment upon the ground that plaintiffs, when they made the contract to supply him with corn, specially undertook to have it insured in Indiana ; that they negligently failed to do so, whereby they became liable to him as insurers, and that they are, therefore, not entitled to recover in this action.

The plaintiffs did undertake to insure in Terre-Haute. But they were not bound to do impossibilities. It is shown that on the arrival of the flatboat at that place, and before she set out upon her voyage, they made an effort to procure insurance in the only office at that place which had been in the habit of taking risks on corn boats ; that they had been previously led to suppose that the risk would be taken, by a conference had with the agent of the company ; but that, on this occasion, he informed them, for the first time, that instructions had been received from his principals not to insure any more upon corn boats. Intelligence to this effect was communicated by plaintiffs to defendant, through the mail, upon the same day that the boat left Terre-Haute, and immediately after it became known to them.

We think with the District Judge that the plaintiffs used reasonable diligence in attempting to procure insurance in Indiana. They had been led to suppose by the agent of a company there that insurance could be had. It is said that, on the 3d March, nine days before the shipment to the defendant, they were made aware that insurance could not be had, and that they ought, thereupon, to have notified the defendant immediately. But it does not appear that insurance was refused on the 3d of March. On the contrary, an insurance was then effected upon a corn risk by these plaintiffs in behalf of another party. It is true the company declined to insure the full value of the cargo, and insured but little more than half its value. But it does not appear that this was established as the rule of the company ; the inference is that, under the circumstances of that particular case, the underwriters declined to take the whole risk. No such conclusion as that the office would decline to insure at all, or even in full, upon the defendant's corn when it should be shipped, was to be drawn from the fact that a full insurance could not be had upon the boat load destined for *Mr. McCutcheon* on the 3d of March.

About the 12th, for the first time, the office declined to issue at all upon such risks. It would seem that the plaintiffs did all that could be done by notifying the defendant of the fact, so soon as they learned it.

Our examination of the evidence has failed to convince us, that the plaintiffs were guilty of such remissness in the matter of insurance as to make them liable to defendant for the value of the property.

Judgment affirmed.